IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY JOSEPH HOLT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 23–CV–00723–JPG

## MEMORANDUM & ORDER

This matter comes before the Court on Petitioner Larry Joseph Holt ("Petitioner" or "Holt") Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville").

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Holt filed a one-page motion stating that Missouri Amendment legalizing marijuana means that his prior conviction for possession with intent to deliver marijuana can no longer be used to enhance his current sentence under the Armed Career Criminal Act ("ACCA"). He states without this enhancement his maximum sentence would be 120 months, and guideline range of 66-96 months.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.' " *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.' " *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

Petitioner does not identify any new case of statutory interpretation,[1] does not indicate that such a rule was previously unavailable and applies retroactively, and does not show why the error is grave enough to be deemed a miscarriage of justice.[2] Because Holt has not addressed and not articulated any arguments that show he is entitled to some relief, the Court must dismiss his § 2241

---

[1] Holt does point to a Missouri law. However, *Davenport* requires a new case of statutory interpretation. *See e.g. United States v. Davis*, 139 S. Ct. 2319, 2323 (2019); *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016); *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[2] Even if Petitioner's cited lower guideline range could be deemed a "miscarriage of justice," Petitioner fails to address, or even cite to the first two *Davenport* factors. Additionally, the Seventh Circuit has held thar errors in advisory guideline calculations is an insufficient basis for habeas relief even where a petitioner can show the application of the enhancement likely resulted in a greater sentence than the petitioner would have received without the enhancement. *United States v. Coleman*, 763 F.3d 706, 708-10 (7th Cir. 2014) "[E]ven errors that are not harmless may not be cognizable" in a postconviction proceeding, and "the likelihood of a different sentence in light of the sentencing error is not an adequate basis" for demonstrating a miscarriage of justice. *Id*. at 710.

petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Finding that Holt's § 2241 petition is insufficient and is plainly not entitled to relief, the Court **DENIES** his § 28 U.S.C. § 2241.


**IT IS SO ORDERED.**
**DATED: April 25, 2023**

                                              <u>/s J. Phil Gilbert</u>
                                              **J. PHIL GILBERT**
                                              **UNITED STATES DISTRICT JUDGE**